UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

JOSEPH CAMPOS,

              Plaintiff,              **MEMORANDUM AND ORDER**
                                      22-CV-1278 (KAM)

        -against-

ROGER LAVINSKY; DAVID JAROSLAWICZ;
CARTAFLASA SLATTERY; LYNN TURPIN;
HARRY VAN ETTEN ROSANSKY,

              Defendants.

-------------------------------x

**KIYO A. MATSUMOTO, United States District Judge.**

        On March 10, 2022, Plaintiff Joseph Campos ("Plaintiff") filed the instant *pro se* action along with a request to proceed *in forma pauperis* ("IFP"). (ECF No. 1, Complaint.) On March 17, 2022, Plaintiff submitted a letter to this Court that included evidence as part of his initial Complaint. (ECF No. 4, Evidence.) On July 20, 2022, Plaintiff filed an Amended Complaint to assert claims under the civil provisions of the Racketeer Influenced & Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, for injuries purportedly caused by Defendants' RICO violations. (ECF No. 5, Amended Complaint.)[1] For the reasons set forth below, Plaintiff's motion

---

[1] The 90-day period for service of process of the original complaint on Defendants set forth in Federal Rule of Civil Procedure 4(m) expired on June 8, 2022, and it appears that Defendants have not been served. Moreover, it

to proceed *in forma pauperis* is GRANTED and this action is DISMISSED for failure to state a claim upon which relief may be granted.

## Background

According to the Plaintiff's Amended Complaint and its attachments[2], the claims in the instant lawsuit arise out of the disposition of a prior legal action that Plaintiff filed in Kings County state court in 2010 and a subsequent mediation. *Campos v. Ortega Group,* Index No. 006797/2010 (Sup. Ct. Kings Cnty. 2016); (*see also* ECF No. 4, Evidence at 4.)  In that action, Plaintiff was represented by Defendants Roger Lavinsky and David Jaroslawicz.  (*Id.*)  On November 9, 2015, Plaintiff attended a mediation hearing at National Arbitration and Mediation ("NAM")

---

does not appear that Plaintiff served the Amended Complaint and Amended Summons within 90 days of July 20, 2022.  Failure to serve process within 90 days provides authority for the Court to dismiss the case.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")  The Court, however, considers Plaintiff's Amended Complaint on the merits.

[2] Though Plaintiff did not serve process for the original summons and Complaint or the Amended Complaint on Defendants, or request leave to amend his initial Complaint, the Court considers Plaintiff's Amended Complaint and attachments to be the operative complaint (ECF No. 5), superseding and replacing Plaintiff's initial Complaint (ECF No. 1) and attachments (ECF No. 4).  Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), €, or (f), whichever is earlier.")  In light of the Court's obligation to liberally construe *pro se* complaints, see *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), instances in which Plaintiff failed to repeat facts providing context from his initial Complaint, the Court liberally construed the Amended Complaint to include those facts.

located in Manhattan for an injury he sustained in the workplace. (ECF Nos. 1, Complaint at 7.)

The Court liberally construes the *pro se* Amended Complaint and attachments as follows: following mediation, Plaintiff received a settlement of approximately $1,500,000.00 for an injury that he sustained in the workplace (ECF No. 5, Amended Complaint at 38, 45, 54, 57), though he also alleges that he received an email from Jaros & Jaroslawicz Law Firm stating that his case settled for a total of 4.4 million dollars (*Id.* at 1). Payments were made to Plaintiff on February 18, 2016, and March 4, 2016. (*Id.* at 57.)

Plaintiff's Amended Complaint does not provide clear, concise allegations, nor provide further facts supporting his allegations. Plaintiff alleges in conclusory fashion that Defendant engaged in various forms of fraud, corruption, deceptive trade practices, identity theft, bribery, and defamation with respect to his settlement, but he does not provide specific facts as to what each named Defendants did to support his claims. (ECF No. 5, Amended Complaint at 1.) Plaintiff does not specify in his Amended Complaint what relief he is seeking from the Defendants or state a dollar amount, though Plaintiff sought 12 million dollars in damages in his initial Complaint, which is no longer operable. (ECF No. 1, Complaint at p. 6.)

## Standard of Review

A district court shall dismiss an *in forma pauperis* action where the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

4

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally.").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of each claim against each defendant named so that the defendants have adequate notice of the claims against them.  *Twombly,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

## Discussion

Plaintiff broadly alleges that Defendants engaged in a pattern of racketeering activity in violation of the Racketeer

Influenced and Corrupt Organizations Act ("RICO").  (ECF No. 5,
Amended Complaint at 1-3.)  *See* 18 U.S.C. §§ 1961 *et seq.*  To
state a civil RICO claim under 18 U.S.C. § 1964, a complaint must
plead (1) "that the individual defendants committed a substantive
RICO violation" and (2) "that the violation proximately caused an
injury to [the plaintiffs'] business or property."  *NRP Holdings
LLC v. City of Buffalo*, 916 F.3d 177, 196 (2d Cir. 2019); *see
also* 18 U.S.C. § 1964(c)

(providing a private right of action for persons injured by
reason of a substantive RICO violation).  In order to establish a
violation of the RICO statute, 18 U.S.C. § 1962(c), a plaintiff
must show "(1) conduct (2) of an enterprise (3) through a pattern
(4) of racketeering activity."  *DeFalco v. Bernas*, 244 F.3d 286,
305-06 (2d Cir. 2001) (citations omitted); *Edelman v. U.S. Govt.,*
No. 18-CV-2143, 2020 WL 7123175, at *14 (E.D.N.Y. Dec. 4, 2020).
This showing must be made as to each individual defendant.
*DeFalco*, 244 F.3d at 306 (citing *United States v. Persico,* 832
F.2d 705, 714 (2d Cir. 1987) ("The focus of section 1962(c) is on
the individual patterns of racketeering engaged in by a
defendant, rather than the collective activities of the members
of the enterprise, which are proscribed by section 1962(d).").

Because "'the core of a RICO civil conspiracy is an
agreement to commit predicate [RICO] acts,' such a complaint, 'at
the very least, must allege specifically such an agreement.'"
*Wolhendler v. Goldberg*, No. 19-CV-0457, 2020 WL 5658790, *2

(E.D.N.Y. Sept. 23, 2020) (quoting *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 230 (E.D.N.Y. 2014)).  Thus, "a RICO conspiracy claim will be dismissed where the plaintiff alleges no facts to show specifically that the defendants had any meeting of the minds in the alleged violations."  *Id.* (internal quotation marks and citation omitted).

Further, to the extent that Plaintiff seeks to argue that Defendants committed bank and mail fraud, he must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) for fraud claims.  *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004); s*ee also Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (where a RICO claim rests on claims of mail fraud, wire fraud, and bank fraud, a complaint must satisfy the heightened pleading standards of Federal Rule of 9(b)).  Under Rule 9(b), a plaintiff must "specify the statements [he] claims were false or misleading, give particulars as to the respect in which . . . the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."  *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999) (quoting *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992)); *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 68 (E.D.N.Y. 2020).

Here, Plaintiff alleges, in conclusory fashion, that the Defendants conspired against him. (ECF No. 5, Amended Complaint at p. 4-8.) Plaintiff's Amended Complaint fails to allege any RICO enterprise, predicate acts, a pattern of RICO activity or assert any plausible facts to suggest that Defendants engaged in an agreement to commit RICO violations. Conclusory allegations of a conspiracy that "rest on rank speculation" are insufficient to support a claim under RICO. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (finding that the plaintiff's "allegations in support of his conspiracy claims . . . [were] uniformly conclusory, speculative, and implausible . . . [and therefore were] inadequate to support his conspiracy claims under RICO"). Thus, the Amended Complaint fails to state a claim for a RICO violation.

The Court further notes that the Amended Complaint fails to allege sufficient facts to determine whether any of Plaintiff's claims are timely. Even if Plaintiff had alleged sufficient facts for his RICO conspiracy claim, the statute of limitations governing civil RICO claims is four years. *See Simmons v. Reich*, No. 20-4114, 2021 WL 5023354, at *2 (2d Cir. Oct. 29, 2021). The Second Circuit applies a "discovery accrual rule" to determine when the limitation period starts to run. *Cohen v. S.A.C. Trading Corp.,* 711 F.3d 353, 361 (2d Cir. 2013) ("the limitations period begins to run when the plaintiff discovers or should have discovered the RICO injury)(quotations

omitted).  The Supreme Court has held that accrual begins when Plaintiff first had reason to know of the injury, not when plaintiff discovered all of the elements of the claim.  *See Rotella v. Wood*, 528 U.S. 549 (2000).  Additionally, the statute of limitations does not start again each time Plaintiff learns of the involvement of a new defendant.  *Levy v. BASF Metals Ltd.*, 917 F.3d 106, 107 (2d Cir. 2019)(holding that accrual began when Plaintiff discovered her injury, and "not when she discovered the alleged manipulation scheme or the identity of the defendants").

As for Plaintiff's alleged state law claims[3], even if Plaintiff had pleaded enough facts to establish plausibility, the Court finds the state law claims to be time-barred as well. Under New York law, the statute of limitations for common law fraud is six years from accrual or two years from actual or imputed discovery.  *In re Bear Stearns Cos., Inc. Securities, Derivative, and ERISA Litig.*, 995 F. Supp. 2d 291, 309-10 (S.D.N.Y. 2014), aff'd, 829 F.3d 173 (2d Cir. 2016).  An action alleging defamation under New York law must be commenced within one year.  CPLR § 215(3); *Mirage Entm't, Inc. v. FEG Entretenimientos S.A.*, 326 F. Supp. 3d 26, 35 (S.D.N.Y. 2018)(citation and quotation committed)("The limitations period begins accruing when the libelous material first was published, that is, displayed to a third party.").  A deceptive trade

---

[3] The Court construes Plaintiff's claims of conspiracy, corruption, and bribery under the alleged RICO claim.

practice claim under New York General Business Law § 349(a) is
subject to a three-year statute of limitations.  N.Y. Gen. Bus.
Law § 349(a); *Gaidon v. Guardian Life Ins. Co. of Am*., 750 N.E.2d
1078, 1084 (2001).  Finally, under New York State General
Business Law § 380-n, an action asserting a claim of identity
theft:

> may be brought . . . within two years from the date on which
> the liability arises, except that where a defendant has
> materially and willfully misrepresented any information
> required under this article to be disclosed to an individual
> and the information so misrepresented is material to the
> establishment of the defendant's liability to that
> individual under this article, the action may be brought at
> any time within two years after the discovery by the
> individual of the misrepresentation.

N.Y. Gen. Bus. Law § 380-n.

        Plaintiff alleges that the crimes "took place" at his
mediation, November 9, 2015 (ECF Nos. 5, Amended Complaint at 1;
1, Complaint at 1) and that he began to suspect wrongdoing when
he received an email about the amount of his settlement on March
4, 2016 (ECF No. 5, Amended Complaint at 1).  He also alleges
that he realized a check may have been forged on September 27,
2017.  (*Id*. at 4.)  There are no other dates from which this
Court can determine when Plaintiff became aware of any alleged
wrongdoing by the Defendants.  Accordingly, because Plaintiff
fails to allege any credible facts sufficient to show that he
discovered and timely pursued the alleged conspiracy, corruption,
bribery, fraud,  deceptive trade practices, identity theft, and

defamation within the statute of limitations for any of his claims, Plaintiff's claims are untimely and must be dismissed.

District courts generally grant *a pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

In light of the Court's obligation to liberally construe *pro se* complaints, *see Cuoco*, 222 F.3d at 112, however, the Court will grant Plaintiff 45 days leave from the date of this order to file a Second Amended Complaint.  As explained above, Plaintiff must provide additional, non-conclusory facts demonstrating how his claims are timely, and a short, plain statement of each claim against each Defendant.  In his Second Amended Complaint, Plaintiff must ensure his factual allegations support each of the RICO claim elements detailed above, and his other alleged claims.  Plaintiff is advised that the aSecond Amended Complaint will completely replace the prior complaints in the action, and thus a Second Amended Complaint "renders [the original complaint and (First) Amended Complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).  Therefore, Plaintiff's Second Amended Complaint must

11

include all necessary allegations and facts that Plaintiff wants the Court to consider so that the Second Amended Complaint may stand alone as the operative complaint in the action.

Plaintiff may also seek assistance from The Federal Pro Se Legal Assistance Project, a free, limited-scope legal assistance clinic operated by the City Bar Justice Center of the New York City Bar Association.  The website is: https://www.citybarjusticecenter.org/projects/federal-pro-selegal-assistance-project/ and the free hotline phone number is: 212-626-7383.

## Conclusion

Accordingly, the Court dismisses the action for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted 45 days leave from the date of this Memorandum and Order (or until December 30, 2022) to file a Second Amended Complaint.  If Plaintiff files a Second Amended Complaint, the assigned Magistrate Judge is respectfully requested to assist with service of process.

If Plaintiff fails to file a Second Amended Complaint within the 45 period allowed, or fails to cure the deficiencies identified in this Memorandum and Order, judgment shall enter dismissing this action with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith

and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to serve a copy of this memorandum and order on Plaintiff and note service on the docket by November 14, 2022 or the next day.

**SO ORDERED.**

DATED: November 14, 2022
       Brooklyn, New York

                                   _____/s/_____
                                   **HON. KIYO A. MATSUMOTO**
                                   United States District Judge

13